### JAMES D. HILL *v.* J. H. MADDOX.

*Facts:* An act of sale declared not to have effect as such, because there was no real price.
A contract decreed to be usurious because borrower paid rent in addition to interest.

APPEAL from the Second District Court of New Orleans, *Lea*, J.
*Estlin*, for plaintiff and appellant. *Durant & Hornor*, for defendant.

BUCHANAN, J. The District Court did not err in receiving parol proof to explain the very vaguely written conventions of the plaintiff's ancestor and defendant.

The true nature of the contract between the parties is proved to have been

HILL .
*v.*
MADDOX.

a loan, for which the borrower (defendant) gave his promissory note to the lender, (plaintiff's ancestor,) which note included interest to maturity on the amount loaned, making the sum, principal and interest, thirty-five hundred dollars. Simultaneously with the making of this note, defendant made plaintiff a written sale, purporting to be for the price of thirty-five hundred dollars cash, of his library, furniture, plate, &c., in his dwelling-house, and subscribed an obligation to pay to the lender a yearly rent for the use of the articles thus sold.

Very clearly this contract is not valid as a sale, for want of a real price. For plaintiff holds defendant's note for that sum, which, in the pretended sale, is declared to be the price paid by plaintiff's ancestor; and the witness, through whom the arrangement was made, swears that the bill of sale and the note were one transaction. The pretended sale was thus an informal pledge, and we take the obligation to pay rent for the furniture to have been intended between the parties as a badge of possession in the plaintiff's ancestor, which is essential to constitute a pledge; and as between the parties it may possibly have that effect; upon which point we need not express any opinion at this time.

Under the evidence, and retaining possession of defendant's note, as the plaintiff does, he cannot be allowed to treat the contract as a sale which has passed to himself the ownership of the effects sequestered herein.

Neither do we think the plaintiff's claim for rent can be maintained. The rent stipulated, $250 a year, is about 7½ per cent, on $3,500, or within a half per cent. of the highest rate of conventional interest. But it is proved that interest has already been received by plaintiff's ancestor, in the shape of discount, upon the amount loaned defendant. The stipulation of $250 rent must, therefore, be viewed, under the circumstances, as usurious.

Judgment affirmed, with costs.